**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SHAWN HAYDEN,**

               **Plaintiff,**

**-vs-**                                   **Case No.  6:05-cv-853-Orl-22GJK**

**CITY OF ORLANDO,**

               **Defendant.**

## ORDER

This cause comes before the Court for consideration of the Magistrate Judge's June 3, 2008 Report and Recommendation ("R&R") (Doc. No. 126), the Objections thereto filed by Plaintiff Shawn Hayden and Defendant The City of Orlando (Doc. Nos. 127, 128), and Hayden's Response to the City's Objections (Doc. No. 129).

Plaintiff's counsel, Frank T. Allen, Esq. and The Allen Firm, P.A. ("Allen"), and Michael LaFay, Esq. and the law firm of Nejame, LaFay, Jancha, Vara, Barker & Joshi, P.A. ("LaFay"), seek attorneys' fees for their representation of Hayden. Allen requests an award of attorneys' fees in the amount of $74,620.00 or, alternatively, $67,620,00. (Doc. No. 108 at 16.) Allen also asks the Court "to consider a multiplier of 1.2 to 1.5, or alternatively an enhancement of 25% to 33%[.]" (*Id.*) For his part, LaFay seeks fees in the amount of $79,950.00 or, alternatively, $65,450.00. (Doc. No. 110 at unnumbered p. 12.) Additionally, LaFay requests the same multiplier or enhancement as Allen. (*Id.*)[1]

---

[1] The pending motions also seek costs. However, the issue of costs is no longer before the Court. Costs were taxed on September 28 and October 1, 2007. (*See* Doc. Nos. 99, 101.) The City

In his R&R, the Magistrate Judge recommends reductions to those claimed amounts. Specifically, the R&R recommends that Allen be awarded fees in the amount of $56,647.50, and that LaFay be paid $56,190.00.

In arriving at these figures, the Magistrate Judge first determined that Hayden was the prevailing party in this lawsuit. The jury awarded Hayden $300,000.00 on his retaliation claim. (Doc. No. 72.) The undersigned judge later concluded that this sum was excessive, and remitted the amount to $65,000.00 unless Hayden elected a retrial solely on damages. (Doc. No. 93 at 17.) Hayden accepted the remittitur. (Doc. No. 94.) Accordingly, judgment in the amount of $65,000.00 was entered in Hayden's favor. (Doc. No. 97.)

Next, the Magistrate Judge refused to disallow time the two attorneys spent on Hayden's sexual harassment claim. As background for this point, the City received summary judgment on the sexual harassment claim, and only the retaliation claim proceeded to trial. The Magistrate Judge determined that the two claims were sufficiently related that time spent on the sexual harassment claim was compensable.

---

did not file a legal memorandum opposing the bills of costs until January 4, 2008. (*See* Doc. No. 113.) Although that memorandum purported to rely on an extension of time the Magistrate Judge granted on December 26, 2007, that order granted the City's motion for a time extension to respond to the specific motion for fees and costs filed on December 19, 2007. (*See* Doc. Nos. 109, 112.) In other words, the extension motion and the order did not pertain to the costs bills filed in late September and early October of 2007. In fact, the motion and order do not contain a single reference to the costs bills. Accordingly, the December 26th order did not resurrect the time period for filing the City's otherwise untimely objections to the previously-taxed costs. Granted, Hayden's attorneys created some confusion by including references to costs in the attorneys' fees motions. However, this does not alter the fact that the time extension granted by the Magistrate Judge did not relate to the bills of costs that had been filed - and taxed - nearly three months earlier. Hence, the City's objections to those costs are untimely. *See* Fed. R. Civ. P. 54(d)(1) (providing that a court may review taxation of costs upon motion served within five days of taxation).

The Magistrate Judge then proceeded to assess the reasonableness of the hourly rate - $350.00 - sought by Hayden's counsel. The Magistrate Judge viewed that rate as excessive, and reduced the figure to $325.00 for Allen and $300.00 for LaFay.

Next, the Magistrate Judge evaluated whether the two attorneys had properly allocated their time among the four other companion cases, *i.e.*, whether they divided among the five cases the time they spent on common tasks.[2] LaFay properly pro-rated his time, but the Magistrate Judge found that in a number of instances Allen had not. Accordingly, the Magistrate Judge reduced Allen's claimed time by 38.9 hours.

Further, the Magistrate Judge rejected the City's contention that the sought fees should be reduced by 30% on duplication of effort grounds, finding that there was no substantial overlap in the two attorneys' work.

Finally, the Magistrate Judge denied the attorneys' request for an enhancement or a multiplier, reasoning that the former was unwarranted and the latter, legally inappropriate.

The City and Allen have objected to the R&R.[3] Allen contests the Magistrate Judge's reduction of his time by 38.9 hours. Allen argues that a more appropriate reduction is 10 hours, resulting in a fee award (to Allen) of $66,040.00. Curiously, Allen also objects to something the Magistrate Judge did not do. In that regard, Allen states: "Likewise, the Magistrate Judge disallowed the 6.0 hours billed on February 20 and 21 for the review of over 900 documents

---

[2] The companion cases involved four other police officers who, like Hayden, asserted claims of sexual harassment and retaliation.

[3] LaFay has not objected to the Magistrate Judge's recommendations regarding his claimed fees.

provided by the City." (Doc. No. 128, ¶ 7.) However, the Magistrate Judge did not actually say that he was excluding this particular time. Instead, he merely referenced the fact that the City had objected on this basis. (Doc. No. 126 at 8.)

For its part, the City complains of the Magistrate Judge's refusal to disallow the attorney time attributable to the sexual harassment claim, stating: "[T]he City strongly maintains that those hours which were billed prior to this Court's granting summary judgment on Plaintiff's sexual harassment claim must be reduced by a minimum of 50% to account for Plaintiff's attorneys' work on Plaintiff's failed sexual harassment claim." (Doc. No. 127, ¶ 13.) The City also urges the Court to further reduce Allen's and LaFay's hourly rates, to $234.00 and $225.00, respectively.

In response to the City's objections, Hayden argues that "the hourly rates as determined by the Magistrate should remain undisturbed and that the hours should not be reduced based on the dismissal of the sexual harassment claim." (Doc. No. 129, ¶ 1.)

The Court has carefully considered the parties' objections to the R&R and has determined them to be meritless. The Magistrate Judge correctly reduced Allen's and LaFay's hourly rates, and to an appropriate degree. Also, the Magistrate Judge did not err in refusing to disallow the time the attorneys devoted to the sexual harassment claim, or in his determination that a reduction based on duplication of effort was unwarranted. Finally, the reduction in Allen's claimed hours based on that attorney's failure to prorate his time was similarly appropriate.

Based on the foregoing, it is ORDERED as follows:

1. The June 3, 2008 Report and Recommendation (Doc. No. 126) is APPROVED AND ADOPTED

2. Defendant The City of Orlando's Objections to Magistrate's Report and Recommendation (Doc. No. 127), filed on June 13, 2008, are OVERRULED.

3. Plaintiff's Attorney['s] Objections to the Magistrate's Report and Recommendation (Doc. No. 128), filed on June 15, 2008, are OVERRULED.

4. Plaintiff's Attorneys Frank T. Allen and The Allen Firm, P.A.'s Motion to Tax Fees, Costs and Interests [sic] (Doc. No. 108), filed on December 19, 2007, is GRANTED IN PART AND DENIED IN PART.  The Motion is GRANTED insofar as it seeks an award of attorney's fees, and DENIED as to the amount of fees requested.  Frank T. Allen, Esq. and The Allen Firm, P.A. are hereby awarded attorney's fees in the sum of $56,647.50.

5. Plaintiff's Attorney Michael LaFay and the Law Firm of Nejame, LaFay Jancha, Vara, Barker & Joshi, P.A.'s Motion to Tax Fees, Costs and Interest (Doc. No. 110), filed on December 21, 2007, is GRANTED IN PART AND DENIED IN PART.  The Motion is GRANTED insofar as it seeks an award of attorney's fees, and DENIED as to the amount of fees requested.  Michael LaFay and the Law Firm of Nejame, LaFay Jancha, Vara, Barker & Joshi, P.A. are hereby awarded attorney's fees in the sum of $56,190.00.

6. The Clerk shall enter a judgment providing that (1) Frank T. Allen, Esq. and The Allen Firm, P.A. are hereby awarded attorney's fees in the sum of $56,647.50; and (2) Michael LaFay and the Law Firm of Nejame, LaFay Jancha, Vara, Barker & Joshi, P.A. are hereby awarded attorney's fees in the sum of $56,190.00.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on August 20, 2008.

Copies furnished to:

Counsel of Record
Unrepresented Party
Magistrate Judge

*/s/ Anne C. Conway*
ANNE C. CONWAY
United States District Judge